MEMO ENDORSED

**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

May 11, 2020

**BY ECF**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. Ayman Rabadi**
      **13 Cr. 353 (KMK)**

Dear Judge Karas,

Pursuant to the Court's order at Dkt. No. 99, we write in reply to the government's letter dated May 9, 2020 at Dkt. No. 98, informing the Court that the Bureau of Prisons has now decided to transfer Mr. Rabadi from MDC Brooklyn to a residential reentry center (RRC) on or about May 19, 2020.

For the reasons articulated herein, and those outlined in Mr. Rabadi's original motion and renewed motion, the Court should grant his motion for compassionate release and sentence him to home confinement forthwith.

Requiring Mr. Rabadi—who had heart attack-like symptoms this week—to be quarantined in a correctional setting for another 8 days is greater than necessary under the strictures of 18 U.S.C. § 3553(a).

Mr. Rabadi's RRC placement is equivalent to home confinement

We have consulted with the Department of Probation and we understand that Mr. Rabadi is scheduled to be "transferred" to the Bronx RRC Day Reporting Center on May 19. Once there, he will be fitted with a GPS monitoring unit and he will be sent home. He will serve the remainder of his incarceratory sentence – i.e. until July 19, 2020 – on home confinement with GPS monitoring. Mr. Rabadi has been assigned a Probation Officer, who will supervise him once his supervised release commences.

In other words, the BOP has finally decided to send Mr. Rabadi home.

1

<u>There is no reason to wait 8 more days before sending Mr. Rabadi home</u>

     Now that the BOP has determined that home confinement is appropriate for Mr. Rabadi, he should start his home confinement now.  Requiring Mr. Rabadi to remain at the MDC for another week continues to unnecessarily endanger Mr. Rabadi's health.  In the week since Mr. Rabadi filed his renewed motion, there have been more than 1,000 new positive cases of coronavirus in the Bureau of Prisons and another 8 deaths.  Every day that goes by increases the likelihood that Mr. Rabadi could be one of them.

| Date | Number of Positive Inmates | Number of Positive Staff | Number of Inmate Deaths | Total BOP Cases[1] |
|---|---|---|---|---|
| 5/4/2020 | 1984 | 356 | 40 | 2340 |
| 5/5/2020 | 2066 | 359 | 41 | 2425 |
| 5/6/2020 | 2100 | 365 | 42 | 2465 |
| 5/7/2020 | 2646 | 244 | 44 | 2890 |
| 5/8/2020 | 3082 | 248 | 45 | 3330 |
| 5/9/2020 | 3330 | 250 | 46 | 3580 |
| 5/10/2020 | 3319 | 250 | 48 | 3569 |

     Mr. Rabadi has not been well.  He reported to counsel that he was having chest pains and filed a series of unanswered sick calls.  By Tuesday night, May 5, Mr. Rabadi's pain was at 7 on a scale of 1-10.  The chest pains were similar to what he experienced when he previously had a heart attack.  Mr. Rabadi was given nitroglycerin, which is used to increase the flow of blood to the heart.  The doctor advised that Mr. Rabadi should be transported to an emergency room, but the corrections staff discouraged him from going, because—ironically—of the rampant coronavirus cases in the local hospital.  Faced with those choices, Mr. Rabadi opted not to go.  The next day, on May 7, 2020, the MDC medical staff prescribed lamotrigine, which is medication for a seizure disorder.

     The safest place for Mr. Rabadi is at home.  The Bureau of Prisons seems to have finally agreed with that assessment.  There is, therefore, no reason to delay the implementation of that decision.  Mr. Rabadi can quarantine at home instead of quarantining in MDC.  He has a private room to live in, and he and his family will take all appropriate precautions.  Allowing him to spend even one more day in a correctional setting is greater than necessary.  <u>See</u> 18 U.S.C. § 3553(a).  We ask you to release him to home confinement forthwith.

Respectfully submitted,

/s/
Sylvie Levine
Deirdre von Dornum

> Given the fact that BOP is transferring Mr. Rabadi to an RRC on May 19, 2020, that he will then be set up by Probation for home confinement, and that he is to be in quarantine until then, the only question is whether he should be released before May 19.  The argument he makes is that he can quarantine at home.  However, that suggestion ignores the risk that releasing Mr. Rabadi before the end of his quarantine time would jeopardize the employees at the RRC and at the Probation Department.  While Mr. Rabadi has been complaining of chest pains, there is no evidence that his complaints are being ignored.  Therefore, the application to expedite Mr. Rabadi's release before 5/19/20 is denied.
> So Ordered.
>                    [signature]    5/12/20

---

[1] Includes the number of both BOP inmates and staff who have tested positive for COVID-19.  Numbers obtained from www.bop.gov/coronavirus on a daily basis.